IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON J. BRESSI, | No. 4:24-CV-02068 |
| Plaintiff, | |
| v. | (Chief Judge Brann) |
| SCI-ROCKVIEW, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

DECEMBER 3, 2024

Plaintiff Aaron J. Bressi, a serial prisoner litigant, recently lodged the instant *pro se* civil rights lawsuit under 42 U.S.C. § 1983. He has moved for leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. However, because Bressi has filed at least three federal lawsuits while incarcerated that have been dismissed for failure to state a claim, and because he is not facing an imminent threat of serious physical injury, he is statutorily barred from proceeding IFP and must pay the full filing fee to proceed with this action.

I.   BACKGROUND

Bressi is a well-known prisoner litigant, filing at least seven previous *pro se* lawsuits in this Court. Bressi's cases and appeals are often (if not always) dismissed as facially meritless or legally frivolous.[1] He lodged his latest lawsuit

---

[1]   *See Bressi v. Northumberland County*, No. 4:22-cv-1878, Doc. 27 at 7-8 n.1 (M.D. Pa. Jan. 5, 2024) (collecting cases).

under 42 U.S.C. § 1983 on November 27, 2024,[2] and also moved for leave to proceed IFP.[3] Bressi, however, cannot proceed IFP here because he has had at least three prior dismissals for failure to state a claim[4] and he is not in imminent danger of serious physical injury. In other words, Bressi has "struck out" under 28 U.S.C. § 1915(g) and his motion for leave to proceed IFP must be denied.

## II. DISCUSSION

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule."[5] This rule is codified in Section 1915(g) of Title 28 of the United States Code and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[6]

---

[2] Doc. 1.
[3] Doc. 2.
[4] *See, e.g.*, *Bressi v. Brennen*, No. 4:17-cv-01742, Doc. 77 (M.D. Pa. Sept. 13, 2019), *aff'd per curiam*, 823 F. App'x 116 (3d Cir. 2020) (nonprecedential); *Bressi v. McCloud*, No. 4:18-cv-01345, Doc. 61 (M.D. Pa. Mar. 20, 2020), *aff'd per curiam*, Nos. 20-1077 & 20-1758, 2021 WL 5054351 (3d Cir. Nov. 1, 2021) (nonprecedential); *Bressi v. Pa. Parole Bd.*, No. 1:21-cv-1265, Docs. 28, 29 (M.D. Pa. Mar. 2, 2022), *aff'd per curiam*, No. 22-1462, 2022 WL 17337570 (3d Cir. Nov. 30, 2022) (nonprecedential); *Bressi v. Pa. Parole Bd.*, No. 4:23-cv-00440, Docs. 31, 32 (M.D. Pa. Aug. 11, 2023), *aff'd per curiam*, No. 23-2514, 2024 WL 49861 (3d Cir. Jan. 4, 2024) (nonprecedential).
[5] *Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).
[6] 28 U.S.C. § 1915(g).

The three-strikes rule supplies "a powerful economic incentive" for prisoners to avoid filing "frivolous lawsuits or appeals."[7]

Within Section 1915(g), Congress carved out a limited exception to the three-strikes rule, permitting a prisoner who has accrued three strikes to proceed IFP in a subsequent case if he establishes that he is facing "imminent danger of serious physical injury."[8] The United States Court of Appeals for the Third Circuit has held that an inmate "may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed."[9] "Imminent dangers" are ones which are "about to occur at any moment or are impending," not harms that have already occurred.[10] Claims of imminent danger that are "conclusory or ridiculous" do not qualify.[11]

As noted above, Bressi has filed at least three previous civil rights cases in this district that were dismissed for failure to state a claim upon which relief may be granted. Bressi, therefore, has three strikes and he has not plausibly pled facts that indicate that he is in imminent danger of serious physical injury. In the instant case, Bressi appears to be asserting numerous unrelated, implausible civil rights claims involving alleged over-detention; tampering with food trays by "lacing" the

---

[7] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (*en banc*).
[8] 28 U.S.C. § 1915(g).
[9] *Abdul-Akbar*, 239 F.3d at 312.
[10] *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[11] *Id.* at 468.

3

food "with multiple different drugs such as bird seed, seriquil [sic], declitricen [sic], charcoal, and a harmful reproductive drug known as yellow"; contaminating inmates' drinking and sink water with similar substances; violating inmates' privacy rights by placing cameras and audio devices in their cells and showers; unlawfully tracking inmates; robbery; extortion; and running a "very serious and dangerous Organized Crime Unit" whose members are purportedly guilty of all manner of illegal conduct ranging from racketeering to child molestation.[12]

Accordingly, Bressi's application for IFP will be denied. If he desires to proceed with the instant case, he must pay the requisite $405 fee, representing the $350 filing fee and $55 administrative fee applicable in the Middle District of Pennsylvania. If Bressi does not timely pay the full fee, his case will be dismissed without prejudice pursuant to 28 U.S.C. § 1914.

### III.  CONCLUSION

Bressi has struck out under the PLRA, so the Court will deny his motion for leave to proceed IFP in the instant case. If Bressi wants to continue with this case, he will be required to pay the full $405 filing fee. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[12] *See generally* Doc. 1. To the extent that any of Bressi's allegations could implicate imminent danger of serious physical injury, his claims are plainly "conclusory" and "ridiculous." *See Ball*, 726 F.3d at 468.